UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN CORBETT,

       Plaintiff,

- against -

GC SERVICES LIMITED PARTNERSHIP,

       Defendant.

OPINION AND ORDER

05 Civ. 7680 (RCC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Jonathan Corbett ("Corbett"), commenced this action on August 31, 2005, against defendant GC Services Limited Partnership ("GCS"), under 15 U.S.C. §§ 1681 and 1692, seeking damages and injunctive relief with respect to defendant's effort to collect an alleged debt. Pending before the Court is Corbett's motion to amend the complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure, clarifying the relief he seeks and the statutory provisions for this relief. Corbett's motion is unopposed. For the reasons which follow, Corbett's motion to amend is **GRANTED**.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served. Rule 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. **Id**. Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is

normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962). It remains, however, within the discretion of the Court whether to allow amendment. **Id.**; **John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994). An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to defendant. **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

The proposed amendments do not add or modify any factual allegations in the complaint. Instead, they seek to clarify the relief Corbett seeks and the statutory provisions for this relief. The Court finds that the proposed amendments are not untimely and will not delay the prosecution of this litigation. The amendments will not prejudice the defendant and there is no evidence that they are made in bad faith. On June 7, 2006, GCS informed the Court that it would not oppose the pending motion. Since the proposed amendments are unopposed and will assist the Court in the resolution of this action, Corbett's motion to amend the complaint is **GRANTED**. Corbett shall file his amended complaint by **June 19, 2006**.

**SO ORDERED this 14th day of June 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**